**Ahmed ZUBAIR, Plaintiff,**

v.

**ENTECH ENGINEERING P.C. and Soudabey Bayat, Defendants.**

**No. 09 Civ. 7927(VM).**

United States District Court, S.D. New York.

May 28, 2010.

Joshua Samuel Carlo Parkhurst, Cary Kane LLP, New York, NY, for Plaintiff.

Jeffery Alan Meyer, Kaufman, Schneider & Bianco, LLP, Woodbury, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Ahmed Zubair ("Zubair") filed a complaint in this action alleging that defendants EnTech Engineering P.C. ("EnTech") and Soudabey Bayat (collectively, "Defendants") violated both the Fair Labor Standards Act (the "FLSA") and the New York State Labor Law in failing to pay him time-and-a-half for all overtime hours he worked while employed with EnTech as a chief inspector. Defendants argue that they were bound by the terms and conditions of the New York State Department of Transportation (the "NYS-DOT") Comptroller's Contract, No. D030451 (the "Contract"), which provides that overtime should be paid to a chief inspector at the regular hourly rate. The Court directed the parties to submit letter-briefs addressing the legal issues raised by Defendant's assertion that the Contract is a defense to Zubair's claims.

Having reviewed the parties' submissions,[1] the Court is not persuaded by Defendants' argument that the Contract precludes application of the FLSA. As a general rule, the FLSA overtime provisions are applicable "even though there may be a custom, contract, or agreement not to pay for the time so spent." 29 C.F.R. § 785.8; see Walling v. Younger-man–Reynolds Hardwood Co., Inc., 325 U.S. 419, 425–26, 65 S.Ct. 1242, 89 L.Ed. 1705 (1945); Sobczak v. AWL Indus., Inc., 540 F.Supp.2d 354, 361 (E.D.N.Y. 2007) ("[A]n employer cannot insist on enforcement of contractual pay provisions to escape its FLSA obligations ...." (emphasis omitted)). That Defendants were contractually bound by the NYS-DOT does not alter their obligations under the FLSA. State and local govern-

---

1. The Court received a letter-brief from Defendants dated May 11, 2010 ("Dfts.' Letter") and a letter-brief from Zubair dated May 24, 2010. For the purposes of ruling on the instant dispute, the Court will treat Dfts.' Letter as a motion to dismiss.

ment employers are not immune from the requirements of the FLSA. *See Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 554, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985) (holding that the Tenth Amendment does not bar the application of the FLSA to state and local employers).

Although Defendants are unable to cite to an authority that supports their position, they state that further discovery will show that their proposed defense is viable, and they request that the Court reserve judgment on this issue until some later stage in the litigation. The law, however, is clear on this point, and no additional factual evidence is necessary for the Court to determine that Defendants may not use the Contract as a shield to Zubair's claims. Accordingly, it is hereby

ORDERED that the motion of defendants EnTech Engineering P.C. and Soudabey Bayat ("Defendants") to dismiss Ahmed Zubair's complaint on the basis that Defendants relied on a contract with the New York State Department of Transportation is DENIED.

**SO ORDERED.**